IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case No: 3:02cr20/RV
                                                        3:06cv447/RV/MD

MARCO DUNCAN

---

### REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 268).   Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.


BACKGROUND and ANALYSIS

Defendant was convicted after a jury trial of conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base.  He was sentenced to a term of life imprisonment.  His conviction and sentence were affirmed by the Eleventh Circuit Court of Appeal on February 24,

2005, and the mandate issued on April 29, 2005 (doc. 258).  The instant motion was filed pursuant to the prison mailbox rule[1] on October 10, 2006.

In this motion, defendant separates his claims into seven grounds for relief. First he contends that perjury so infected the suppression hearing and the trial that the jury's verdict cannot be relied upon as having produced a just result and the government failed to provide certain exculpatory and impeachment evidence.  His second claim is a multi-part ineffective assistance of counsel claim.   Third, he maintains that the AUSA's drug quantity determination led to an erroneous determination of forfeiture and sentence. Fourth he contends that the sentencing court impermissibly found drug type and quantity greater than what was in evidence and different than that found by the jury.  Fifth, he alleges that the district court impermissibly engaged in fact-finding.  Next he claims counsel was ineffective for his failure to challenge sufficiency of the evidence with respect to the firearm attributed to him.  Finally he argues that counsel was ineffective because he failed to successfully challenge the four-point enhancement for defendant's role in the offense.

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

---

[1] *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

> **newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.**

28 U.S.C. §2255. The mandate in defendant's appeal was issued on April 29, 2005. A judgment of conviction becomes final within the meaning of § 2255 as follows: (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes final on the date on which the defendant's time for filing such a petition expires, ie. ninety days after the court of appeals judgment becomes final.   *Clay v. United States,* 527 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Kaufmann v. United States,* 282 F.3d 1336, 1338 (11th Cir. 2002). Defendant does not indicate on the § 2255 form that he filed a petition for certiorari with the United States Supreme Court. Therefore, his conviction became final ninety days after the issuance of the appellate mandate, or July 28, 2005. The deadline for filing the instant motion was one year from that date. Thus, to have been timely filed, defendant's motion must have been filed on or before July 28, 2006. As noted above, it was not filed until October 10, 2006, and it was therefore facially untimely.

Unless defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)).   Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).   It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286).  The onus is on the defendant to show that

he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).  Defendant has not attempted to excuse the late-filing of the instant motion, and there is no reason apparent from the record why equitable tolling would apply.  See, e.g.,*Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling...."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Therefore, his motion should be denied as untimely.

Accordingly, it is respectfully RECOMMENDED:

The defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 268) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 13th day of October, 2006.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**