IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  3:02cr20/RV/EMT
  3:15cv377/RV/EMT

MARCO D. DUNCAN
_____/

**O R D E R**

This cause comes for consideration on the magistrate judge's Report and Recommendation (Report), dated September 21, 2015 (doc. 375). The Report recommends that Marco D. Duncan's Section 2255 petition for habeas corpus --- his second one --- be dismissed as successive, and that a certificate of appealability be denied. The parties have been furnished a copy of the Report and have been afforded the opportunity to file (and Duncan has filed) objections under Title 28, United States Code, Section 636(b)(1) (doc. 377). I have made a de novo determination of all timely filed objections. Having considered the Report, and Duncan's objections thereto, I have determined the Report should be adopted, with the following additional analysis.

In 2002, Duncan and several others were charged with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(ii), and (iii); and 846. Under the statute, Duncan was originally subject to a term of imprisonment of not less than 10 years or more than life. 21 U.S.C. § 841(b)(1)(A). Before trial, however, the government filed a notice of enhancement information (doc. 187), asserting that Duncan was subject to an increased minimum sentence based on a previous felony conviction for possession of cocaine base in California in 1992. Under the statute's increased penalty provision, a defendant shall be imprisoned for not less than 20 years and not more than life if he had a prior felony drug conviction. Id. After Duncan was convicted by the jury in this case, I sentenced him to life imprisonment. He filed a direct appeal (which was denied), after which he filed his first Section 2255 collateral attack (which was also denied). He has now brought a second Section 2255 motion. As noted, the magistrate judge has recommended that the petition be dismissed as successive.

Duncan's second petition is based on his claim, made pursuant to Johnson v. United States, 544 U.S. 295, 125 S. Ct. 1571 (2005), that his previous conviction no longer qualifies as a predicate conviction for enhancement purposes due to a recent change in California law which converted the earlier conviction from a felony to a misdemeanor. In Johnson, which involved a "career offender" designation under the federal sentencing guidelines (and not, as here, a statutory enhancement), the Supreme Court held that the state court vacatur of a predicate conviction is a new "fact" that triggers a "fresh" one-year statute of limitations pursuant to Section 2255(f)(4). And, in Stewart v. United States, 646 F.3d 856 (11th Cir. 2011), which likewise involved a career offender designation under the sentencing guidelines, the Eleventh Circuit held that if a petitioner succeeds in having his prior conviction vacated, a second petition will not be dismissed as successive. Duncan has relied on both Johnson and Stewart in his objections to the Report.[1]

The Eleventh Circuit's decision in Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (en banc) is instructive. The petitioner in that case was sentenced as a career offender based, in part, on a prior conviction for felony child abuse that --- due to an intervening Supreme Court decision --- had been erroneously classified as involving a "crime of violence." He filed a Section 2255 petition and sought to be resentenced without the enhancement. The Spencer majority began its analysis by stating:

---

[1] It appears that Stewart implicitly held that Johnson is retroactively applicable to collateral proceedings. As at least one court in this circuit has observed:

> While some say that neither the Eleventh Circuit nor the Supreme Court has held Johnson to be retroactive to cases on collateral attack, Smith v. United States, 2012 WL 2505309 at * 2 (M.D. Fla. Jun. 28, 2012), Stewart is reduced to a mere advisory opinion unless Johnson is retroactive, so it is fair to conclude that Stewart implicitly held that Johnson is retroactively applicable to collateral proceedings (the government conceded retroactivity in Smith).

Futch v. United States, 2012 WL 4009710, at *1 n.2 (S.D. Ga. 2012). For this order, I assume that the 2005 Johnson decision (not to be confused with other more recent Supreme Court sentencing enhancement decisions that share the same name, see Johnson v. United States, — U.S. —, 135 S. Ct. 2551 (2015), and Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010)) is indeed retroactive. But, as will be seen, that does not entitle Duncan to relief.

> Section 2255 does not provide a remedy for every alleged error in conviction and sentencing. When a prisoner, like Spencer, alleges that his "sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack," 28 U.S.C. § 2255(a), a district court lacks the authority to review the alleged error "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'"

Id. at 1138 (citation omitted). An error in applying a sentencing enhancement, the court explained, is not "'a fundamental defect which inherently results in a complete miscarriage of justice'" unless the petitioner can establish that he is "either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated[.]" Id. at 1139 (emphasis supplied). The court ruled that a sentencing enhancement error --- when the same sentence could be legally imposed on remand --- does not justify habeas relief. See id. at 1140-43. In distinguishing both Johnson and Stewart, the Spencer majority stated:

> Spencer . . . likens his alleged sentencing error to Johnson and Stewart, in which the movants' prior convictions, used to enhance their sentences, had been vacated. And Judge Jordan's dissenting opinion argues that there is no meaningful distinction between the vacated convictions in Johnson and Stewart and Spencer's conviction for felony child abuse. We disagree.
>
> Spencer's prior conviction has not been vacated, and that distinction matters.[2] When a conviction is vacated, that vacatur constitutes a "new 'fact'" with which the petitioner can challenge his sentence. Stewart, 646 F.3d at 858 [citing and quoting Johnson]. But here, Spencer argues no new factual basis for reversing his sentence. He presents instead an argument of legal innocence. Even if we were to agree with Spencer that he is "innocent" as a career offender, that legal innocence falls far short of factual innocence, the kind of innocence involved in Johnson and Stewart. See McKay v. United States, 657 F.3d 1190, 1199 (11th Cir. 2011) ("[A]ctual innocence means factual innocence, not mere legal insufficiency." (internal quotation marks omitted)). If we were to conclude that felony child abuse was not a "crime of violence," that legal conclusion would not

---

[2] Other courts have drawn this distinction as well. See Hirman v. United States, 613 F.3d 773, 776 (8th Cir. 2010) (considering this issue in the "career offender" context and distinguishing Johnson on the ground that "Hirman's state felony convictions have not been vacated. Instead, his felony convictions are merely [now classified as misdemeanors] by the Minnesota courts.").

negate the fact that Spencer committed a serious crime. The sentencing judge would consider his prior conviction for felony child abuse anew during resentencing [and "would be free to impose the same sentence on remand."]. Johnson and Stewart cannot stand for the proposition that a prisoner sentenced under advisory guidelines whose prior convictions remain valid can establish that an error in sentencing is a complete miscarriage of justice.

Id. at 1143 & 1141 (emphasis supplied).

Here, like Spencer and Hirman (and unlike Johnson and Stewart), the petitioner's previous conviction has not been vacated. There does not appear to be any suggestion that he was factually innocent, but, rather, his conviction was just reclassified. And because the life sentence I originally imposed does not exceed the statutory maximum even in the absence of the challenged enhancement --- and the same exact sentence could be reimposed without it --- he cannot show a "'fundamental defect which inherently results in a complete miscarriage of justice.'" Spencer, 773 F.3d at 1132.

Accordingly, it is now **ORDERED** as follows:

1. The magistrate judge's Report is adopted and incorporated by reference in this order.

2. Defendant's motion to vacate pursuant to Title 28, United States Code, Section 2255 (doc. 373), is **SUMMARILY DISMISSED**.

3. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 22nd day of October, 2015.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**